IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-114-FL

| | |
|---|---|
| MAURICE EDWARD THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| PITT COUNTY DETENTION CENTER; ) | |
| OFFICER BYRUM, in her official ) | |
| capacity; and SGT. MCKINNEY, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank, regarding frivolity review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 6). Pro se plaintiff timely objected to the M&R, which recommends dismissal of plaintiff's complaint in its entirety. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R as its own, and dismisses the complaint.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed in forma pauperis on August 13, 2019. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. According to plaintiff, defendants Officer Byrum and Sergeant McKinney failed to provide him with proper medical attention while he was incarcerated

1

at defendant Pitt County Detention Center. (Compl. (DE 7) at 4). In particular, plaintiff was given a "little mat", and placed on the floor of a cell block. (Id.). When he awoke in the morning, he could barely move, and felt a sharp pain in his back that went down to his toes. (Id.). Plaintiff began moaning in pain, but defendants Officer Byrum and Sergeant McKinney allegedly did not ask plaintiff what was wrong or notify medical staff. (Id.). Plaintiff laid on the floor in serious pain for an hour until another officer placed him in a wheelchair and took him to see medical staff, who took plaintiff's blood pressure and gave him an Advil. (Id.). Plaintiff filed grievances, "all the way to the appeal" but was informed that he would be placed in the "hole" if he filed too many grievances. (Id.). Plaintiff seeks $50,000.00 for pain and suffering as well as for the "unpleasant feeling of being in danger of being placed in the 'hole' and not getting medical attention." (Id. at 5).

On frivolity review, the magistrate judge found that plaintiff's claims were subject to dismissal because (1) defendant Pitt County Detention Center is not amenable to suit since it is not a "person" within the meaning of § 1983, (2) plaintiff failed to allege a violation of a county-wide policy or custom for purposes of his § 1983 official capacity claim, and (3) plaintiff failed to state a claim under the ADA. Plaintiff filed objections on September 28, 2020, relying upon inmate grievance report.

**DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

2

Case 4:19-cv-00114-FL   Document 9   Filed 10/22/20   Page 2 of 5

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neizke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

In the M&R, the magistrate judge cogently set forth several reasons why plaintiff's

complaint fails to state a claim upon which relief can be granted. Upon de novo review of plaintiff's objections, the court adopts and incorporates herein the analysis in the M&R. The court writes separately to augment the analysis of the M&R to address issues raised in plaintiff's objections.

First, plaintiff objects to the magistrate judge's finding that defendant Pitt County Detention Center is not amenable to suit because it is not a "person" within the meaning of § 1983. According to plaintiff, defendant Pitt County Detention Center is a corporation, and plaintiff cites Louisville, C. & C.R. Co. v. Letson, 43 U.S. 497, 498 (1844) for the proposition that a corporation is "capable of being treated as a citizen of the state which created, as much as a natural person." (Obj. (DE 8) at 1). Contrary to plaintiff's contention, defendant Pitt County Detention Center is not a corporation, and several courts, including this one, have held that jails are not amenable to suit under § 1983. Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Sweet v. N. Neck Reg'l Jail, 857 F. Supp. 2d 595, 597 (E.D. Va. 2012) ("Since the [Northern Neck Regional Jail] is not a 'person' within the meaning of this authority, it can have no liability to plaintiff under § 1983 for the harm he asserts, and plaintiff's claim against it is subject to dismissal pursuant to § 1915A(e)(2)(B)(ii) for failure to state a claim."). Accordingly, plaintiff's claims against defendant Pitt County Detention Center must be dismissed.

Next, plaintiff objects to the magistrate judge's determination that plaintiff failed to allege he had disability within the meaning of the ADA or that he was discriminated against because of a disability. In his objections, plaintiff asserts:

> [t]he Plaintiff has been diagnosed with four herniated discs and arthritis in his lower back. The [defendant Pitt County Detention] Center was aware of this problem

4

and even gave a bottom bunk pass for it. The Plaintiff was placed on the floor because the jail was overcrowded and an older inmate with a pass was given the bottom bunk.

(Obj. (DE 8) at 2).[1] Assuming without deciding that herniated discs and arthritis are disabilities under the ADA, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." Goodman v. Johnson, 524 F. App'x 887, 890 (4th Cir. 2013); see Spencer v. Easter, 109 F. App'x 571, 573 (4th Cir. 2004) ("Because there is no evidence in the record to suggest that any failure by the Defendants to obtain Spencer's medication in a timely manner stemmed from any discriminatory intent due to any alleged disability, we find that Spencer fails to establish a prima facie claim under the ADA."); Knowles v. Lewis, No. 5:11-CT-3113-FL, 2014 WL 1117966, at *11 (E.D.N.C. Mar. 20, 2014) ("To the extent he seeks to bring an ADA claim based upon alleged inadequate medical treatment, his claim fails because the ADA does not address such issues."). Accordingly, plaintiff fails to state a claim under the ADA, and this claim must be dismissed.

## CONCLUSION

Based on the foregoing, and upon de novo review of the M&R and the record in this case, the court ADOPTS the recommendation of the magistrate judge. Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Plaintiff does not allege these facts in the complaint. Plaintiff may not amend his complaint through objections to the M&R. Nevertheless, to the extent plaintiff suggests that he should be allowed to amend his complaint to assert these facts, the court finds amendment futile for the reasons stated above in the text.